## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 28 2019, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Toni McClellan,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 28, 2019

Court of Appeals Case No.
19A-CR-11

Appeal from the Marion Superior Court

The Honorable Elizabeth A. Christ, Judge

Trial Court Cause No.
49G24-1805-F6-16615

**Bailey, Judge.**

# Case Summary

[1] Toni McClellan ("McClellan") pleaded guilty to Operating a Vehicle While Intoxicated, Endangering a Person, With a Prior Conviction, a Level 6 felony.[1] On appeal, she presents the issue of whether her sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On May 7, 2018, Indiana State Police Trooper Cameron Bottema responded to a report of a single vehicle crash near Franklin and Indian Creek Roads in Marion County. McClellan was the sole occupant of the vehicle. She submitted to a chemical blood alcohol test and was found to have a blood alcohol content of 0.241 grams of alcohol per 210 liters of breath.

[3] On December 5, 2018, McClellan pleaded guilty to Operating a Vehicle While Intoxicated, Endangering a Person, with a Prior Conviction. Pursuant to the plea agreement, the State moved to dismiss a charge of Driving While Intoxicated, with a blood alcohol content of 0.15 or greater, and agreed to forgo filing a habitual substance offender allegation against McClellan.

[4] On the same date, McClellan received a sentence of two and one-half years (910 days). She was ordered to serve 180 days at the Marion County Jail and

---

[1] Ind. Code §§ 9-30-5-2 - 3.

185 days in Marion County Community Corrections Home Detention, with 545 days suspended to probation. Additionally, the trial court advised McClellan that, upon successful completion of her probationary term, alternative minimum sentencing might be implemented. McClellan now appeals.

# Discussion and Decision

[5] Pursuant to Indiana Code Section 35-50-2-7, a person who commits a Level 6 felony shall be imprisoned for a fixed term of between six months and two and one-half years, with an advisory sentence of one year. Finding McClellan's criminal history to be an aggravating factor, the trial court imposed the maximum sentence of two and one-half years, but then suspended 545 days to probation.[2] The prior history consisted of one forgery conviction and four driving while intoxicated convictions. McClellan contends that her sentence is inappropriate, because she is allegedly a survivor of domestic abuse and no-one was injured in the single vehicle accident.

[6] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the

---

[2] The trial court stated that it had given consideration to the fact that McClellan had a difficult and painful divorce the prior year.

culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is an "attempt to leaven the outliers." *Id.* at 1225. Appellate courts thus "reserve our 7(B) authority for exceptional circumstances." *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017).

[7] The "considerable deference" given to the trial court's sentencing judgment "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015) (citing *Cardwell*, 895 N.E.2d at 1222). In our review, we can consider whether a portion of the sentence was suspended or otherwise crafted to provide leniency. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[8] The nature of the offense involves the details and circumstances of the crime and the defendant's participation. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Here, McClellan operated a vehicle with a blood alcohol content three times the legal limit.[3] She swerved to avoid traffic and her vehicle left the roadway, endangering herself and potentially other motorists. As she observes,

---

[3] *See* Ind. Code § 9-30-5-1.

no injuries were reported from the single vehicle accident. Notably, however, McClellan was not charged with, or sentenced for, an offense having an element of bodily injury.

[9] The character of the offender is found in what courts learn of the offender's life and conduct. *Id.* McClellan's decision to plead guilty indicates some acceptance of responsibility for her actions; however, she also received a significant benefit when one charge was dismissed and the State agreed to forgo a habitual substance offender allegation. McClellan advised the trial court that she had been harassed and abused by a former spouse, and the harassment had ceased upon the former spouse's remarriage. But McClellan had been offered rehabilitative services in the past, without success. She was barely released from probation on her fourth driving while intoxicated conviction when she committed the instant fifth offense. This was her third such conviction in two years. Even so, she was afforded additional leniency in the structure of the sentence, which includes home detention and probation.

[10] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

[11] The sentence imposed upon McClellan is not inappropriate.

[12] Affirmed.

Najam, J., and May, J., concur.